UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SIDNEY MARTS,

     Petitioner,

v.                                    Case No.  3:16cv587/MCR/CJK

UNITED STATES OF AMERICA,

     Respondent.

_____/

## ORDER and
## REPORT AND RECOMMENDATION

     This cause is before the court upon petitioner's filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 (doc. 1), a supporting memorandum (doc. 2) a motion to proceed *in forma pauperis* (doc. 3), and a motion to take judicial notice (doc. 6).  Upon review of the petition, the undersigned concludes that this case should be summarily dismissed.

### BACKGROUND AND PROCEDURAL HISTORY

     Petitioner is an inmate of the Florida penal system currently confined at Cross City Work Camp in Cross City, Florida.  Petitioner is in custody pursuant to the September 3, 2008 judgment and sentence of the Circuit Court for Escambia County, Florida in Case No. 2007-CF-6067, having been convicted of fraudulent use of personal identification information, uttering a forged instrument, grand theft, and

resisting an officer without violence.[1]  (Doc. 1 and Ex. D).  Petitioner seeks habeas corpus relief on the ground that this court provided him "inadequate federal corrective process" in two prior habeas cases he filed under 28 U.S.C. § 2254, namely:  *Marts v. Tucker*, Case No. 3:10cv240/LC/EMT, a case petitioner filed six years ago, and *Marts v. Jones*, Case No. 3:16cv453/LC/EMT, a habeas case petitioner filed two months ago.  With regard to Case No. 3:10cv240/LC/EMT, petitioner alleges that this court:  (1) "declined to verify <u>NO</u> competency hearing was held to validate <u>Mistrial February 28, 2008</u>, after jurors were <u>SWORN</u>"; (2) "declined to verify whether felony bill of information meets constitutional elements of crime by monetary value"; (3) "declined to verify and <u>omitted</u> whether custody exceeds statutory provision, and meets constitutional standards"; and (4) improperly concluded that the Florida First District Court of Appeal's per curiam affirmance of his convictions was an adjudication on the merits.  (Doc. 1, pp. 7-8 in ECF).  With regard to case No. 3:16cv453/LC/EMT, petitioner alleges that this court:  (1) "intentionally with malice <u>omitted</u> from Habeas Corpus Order of Process Congressional Statutory Provisions, Habeas Corpus rules, evidence rules and constitutional provisions"; and (2) "intentionally with malice <u>omitted</u> the <u>First</u>

---

[1] This background information is judicially noticed from a previous habeas case petitioner filed in this court, *Marts v. Tucker*, Case No. 3:10cv240/LC/EMT, Doc. 73, which petitioner references throughout his present petition.

<u>Amendment</u> from Habeas Corpus Order of Process". (Doc. 1, p. 8 in ECF). As relief in the present action, petitioner seeks: "Verify the prior federal judgements [sic] with record and find the federal habeas process to be in total violation of Title 28 U.S.C. § 2241(1)(2)(3) forthwith." (Doc. 1, p. 18 in ECF). As exhibits to support his claims, petitioner attaches portions of the state court record in his criminal case.

## DISCUSSION

Although petitioner labels his request for habeas relief as arising strictly under 28 U.S.C. § 2241, this action is also governed by 28 U.S.C. § 2254, because petitioner is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003) (holding that a state prisoner in custody pursuant to a state court criminal conviction has a single habeas corpus remedy, governed by § 2241 and § 2254, and that "if a state prisoner is 'in custody pursuant to the judgment of a State court,' his petition is subject to § 2254."). Under § 2254, "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court [shall be entertained] only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Petitioner's claims of defects in this court's adjudication of his prior § 2254 petitions are not cognizable on federal habeas review because they represent attacks

on proceedings or actions collateral to petitioner's confinement and not the confinement itself. The Eleventh Circuit explained in *Alston v. Dep't of Corr., Fla*., 610 F.3d 1318 (11th Cir. 2010):

> Federal habeas relief is available to remedy defects in a defendant's conviction and sentence, but "an alleged defect in a collateral proceeding does not state a basis for habeas relief." *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004); *see also Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1365 (11th Cir. 2009) (collecting cases), *cert. denied*, — U.S. —, 130 S. Ct. 500, 175 L. Ed. 2d 355 (2009). There is a valid reason behind this principle: "[A] challenge to a . . . collateral proceeding does not undermine the legality of the detention or imprisonment – i.e., the conviction itself – and thus habeas relief is not an appropriate remedy." *Carroll*, 574 F.3d at 1365.

*Id*., at 1325-26. The proper procedure for seeking relief from the judgment of a federal district court in a § 2254 action is to appeal the judgment to the appropriate federal court of appeals, or to file a motion under Rule 60 of the Federal Rules of Civil Procedure in the case the judgment was entered if the requirements of Rule 60 are satisfied. The proper procedure for seeking relief from the non-final order (or report and recommendation) of a federal magistrate judge is to file an objection with the district judge assigned to that case. Petitioner is well aware of these avenues, as he has previously pursued them. Because it plainly appears from the petition and attached exhibits that petitioner is not entitled to federal habeas relief, this case should be dismissed.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

Petitioner's motion to proceed *in forma pauperis* (doc. 3) is DENIED as moot in light of petitioner's payment of the filing fee (*see* doc. 7).

And it is respectfully RECOMMENDED:

1.  That the petition for writ of habeas corpus (doc. 1) be DISMISSED.

2.  That petitioner's motion to take judicial notice (doc. 6) be DENIED.

3.  That the clerk be directed to close the file.

4.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 16th day of November, 2016.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.